COMBS *v.* CITY OF AKRON ET AL.
McFARLAND *v.* CITY OF AKRON ET AL.
RIGAUX *v.* CITY OF AKRON ET AL.

[Cite as Combs v. Akron, 21 Ohio Misc. 227.]

(Nos. 273631, 273632 and 273633—Decided
December 8, 1969.)

Common Pleas Court of Summit County.

*Mr. Edward C. Maher,* for plaintiffs.
*Mr. William R. Baird,* director of law, and *Mr. Alvin C. Vinopal,* for defendant.

LOMBARDI, J. This matter came before the court upon appeal for a review of a decision of the Akron Civil Service Commission. The parties have agreed that for the purposes of this appeal the issues in all three of the cases are identical and should be and the same here are consolidated.

There is no dispute with respect to the appellate jurisdiction of this court to review the matter herein presented.

The civil service rules stipulated by the parties are the rules duly adopted by the Akron Civil Service Commission and employed by the personnel director in the administration of the Civil Service Department relating to the admission into, employment and promotion of persons to and in the classified service of the city of Akron.

The appellants, all of whom at the time in question were members of the classified civil service of the city of Akron, filed with the Civil Service Commission "an application for examination," in response to a public notice of scheduled promotional examination for the position of "waste collection foreman." Appellant Combs at the time scheduled for the examination held the position of clerk III in the waste collection division and the appellants McFarland and Rigaux were automotive mechanics.

In due course the Akron Civil Service personnel director rejected the applications of all three appellants upon the grounds that they failed to meet the minimum experience qualifications as specified in the public notice of the announcement of the examination for the position of waste collection foreman. The Civil Service Commission upon the record before this court affirmed the action of the personnel director.

The appellants contended that the personnel director by reciting in the public notice of the examination that the line of promotion was from "Equipment Operator II Waste Collection," did so without prior approval of the Civil Service Commission in violation of Section 2, Rule 8 of the civil service rules; and further contend that the Civil Service Commission in sustaining the personnel director's rejection of the applications acted arbitrarily in disregarding its own rules and thereby discriminated against the promotion rights of these appellants to their prejudice.

The question before this court concerns the construction, clarification and interpretation of Section 2 of Rule 8 of the civil service rules; of certain provisions of the Akron city charter relating to civil service; and of certain other civil service rules.

Section 104 of the Akron City Charter provides in part:

"The personnel director shall be a person thoroughly in sympathy with the application of merit and sound business principles in the administration of personnel."

Section 106 of the Akron City Charter provides in part:

"That the classification of positions into groups and subdivisions shall be based upon and graded according to their duties and responsibilities, and *so arranged as to permit the filling of higher grades, so far as practicable through promotion;* for promotion based on competitive examinations and records of efficiency, conduct and seniority." (Emphasis added.)

Section 1. Rule 8. Advancement through examinations, provides:

"Promotions in the higher classes of positions shall be filled, as far as is practicable and consistent with the best interests of the service, by promotion following competitive tests. Wherever experience derived in the lower grade tends to qualify for the higher class specifications may indicate the possible line of promotion and probable source of recruitment. Any advancement in rank or an increase in salary beyond the limit fixed for the grade shall constitute promotion."

Section 2 of Rule 8 of the civil service rules provides:

"Promotional examinations shall be limited to employees in the classified service who have worked for the city for at *least three months* immediately preceding the filing of applications and have successfully passed the probationary period for the class or classes designated in the public notice of the examination as the personnel director may determine, and at the discretion of the Civil Service Commission, may be limited to employees who have completed *one year or more* of satisfactory service with the city in such class or classes; provided that employees serving in other classes may be allowed to take such promotional examinations if they submit statements showing how their experience in the classified service has fitted them to perform the duties of the higher class and such state-

ments are approved by the personnel director." (Emphasis added.)

Section 6, (1a), Rule 2. Causes for disqualification, provides:

"Although rejection may be based upon causes other than those enumerated, the following are declared to be cause for rejection of application or disqualification of applicant, if the personnel director shall find that the applicant: Is found to lack any of the minimum qualifications as stated in the examination announcements."

The court finds that the action of the personnel director in applying the charter provisions and the civil service rules was not arbitrary or discriminatory as against the promotional rights of the appellants for the reason that none of them possessed the minimum experience qualifications in waste collection operations, which involves considerable knowledge of methods used in waste collection, together with actual experience in waste collection. None of them had experience as waste collectors or as Waste Collection Equipment Operators II, nor were they in the class designated as the line of promotion.

The court observed that one of the appellants did have some experience in the waste collection department. Mr. Combs performed work in a *clerical* capacity for the waste collection division. However from the record it would appear that these duties were of a non-operative nature and his application otherwise failed to demonstrate the possession of experience in waste collection or with the operation of equipment of the type used in waste collection activities.

The other two men, as automotive mechanics for the city, in all probability did mechanical work upon waste collection motor vehicles, but their applications demonstrated no experience in actual waste collection operations.

The court interprets Section 2 of Rule 8 to mean that promotional examinations given in accordance with the line of promotion designated by the personnel director in the public notice of the examination does not require any further action by the Civil Service Commission *even though the Civil Service Commission does have the right*

*to limit the applicants to those who have completed at least one year of satisfactory service with the city in the class or classes designated by the personnel director.*

The court finds nothing in the record to indicate that the Civil Service Commission did extend the service period; and the record does not reveal that persons under the classification of Waste Collection Equipment Operators II, otherwise eligible to participate in the examination, were limited for failure to meet the service time requirement. The action of the director and/or the commission in no way foreclosed the appellants from advancement in their respective fields of experience.

The court finds that although the rule does provide that where the applicants are not members of the class designated for promotion in the public announcement, they may be permitted to participate in the examinations if they submit a statement setting forth how their experience in the city service has fitted them to perform the duties of the higher class, the rule further provides that such statements must be approved by the personnel director. The court finds that only Mr. Combs submitted such statement, which was rejected by the director.

The court considers that the line of promotion employed was consistent with the best interest of the service and good business practice for the reason that the experience achieved in the lower grades tended to qualify the men for the higher class and indicated the probable source of recruitment.

It certainly was appropriate, equitable and in the best interest of the merit system of the city that men who were willing to perform the menial and somewhat distasteful task of carrying the baskets to collect waste and garbage from home occupant's garbage container and to deposit such waste and garbage in the truck, and who then advanced to the position of garbage equipment truck driver properly should be the candidates first in line for promotion to the vacancies in the position of waste collection foreman.

The court considers that the decision of the Civil Serv-

232

ice Commission reflects the application of merit and sound business principles employed for the protection and promotion of the rights of public civil service employees of the city of Akron.

The court therefore concludes that the decision of the Civil Service Commission was not arbitrary, capricious, unreasonable or unsupported by the preponderance of the substantial, reliable and probative evidence on the whole record.

Therefore the ruling of the commission in all three cases under consideration is affirmed.

*Decisions affirmed.*